IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES EDWARD DAILEY,

    Plaintiff,                        No. CIV S-09-3024 DAD P

   vs.

MICHAEL MARTEL, et al.,         ORDER

    Defendants.

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 302 and 28 U.S.C. § 636(b)(1).

I. Request to Proceed In Forma Pauperis

        Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff will be granted leave to proceed in forma pauperis.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. See 28 U.S.C. § 1914(a) & 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. See 28

1

U.S.C. § 1915(b)(1). Plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

II. Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic,

550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint. See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976). The court must also construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

III. Plaintiff's Complaint

Plaintiff makes the following allegations: Prisoners at Mule Creek State Prison formed the "Inmate Leisure Time Activity Group," also know as the "Veteran's Support Group," and were allowed by prison staff to "activate" a trust account. (Compl. at 3.) The group raised funds from the inmate population and the funds were used "to purchase necessary materials for the group and to distribute any excess funds to charitable organizations as the membership desired." (Id.) In 2007, prison officials "deactivated" the group's trust account and "implemented a Care Program which took exclusive control over all funds contained in this account and over any future funds raised through Veteran's Support Group activities." (Id. at 3-4.) Plaintiff contends that the Group is unable to use the funds "to meet the groups [sic] needs." (Id. at 4.) In June of 2007, plaintiff submitted a memorandum on behalf of the group and requested that the trust account be re-activated. Prison officials delayed in responding to plaintiff's request in this regard and his inmate appeals were improperly screened out. In terms of relief, plaintiff seeks a court order to have the Veteran's Support Group's trust account restored.

IV. Analysis

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. Here, plaintiff has not alleged any Constitutional or statutory basis for his claim.

3

1            The court finds that the allegations in plaintiff's complaint are so vague and
2    conclusory that the court is unable to determine whether the current action is frivolous or fails to
3    state a claim for relief.   Although the Federal Rules adopt a flexible pleading policy, a complaint
4    must give fair notice to the defendants and must allege facts that support the elements of the
5    claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir.
6    1984).  Plaintiff must allege with at least some degree of particularity overt acts which
7    defendants engaged in that support his claims.  Id.  Because plaintiff has failed to comply with
8    the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will,
9    however, grant leave to file an amended complaint.
10           If plaintiff is alleging a violation of his First Amendment right to associate, he
11   must allege specific facts concerning the purpose and activities of the Veteran's Support Group.
12   Helpful background information would include when the group was formed, membership
13   requirements, the number of prisoners who are members, and plaintiff's personal involvement
14   with the group.  Plaintiff is informed that although prisoners have a First Amendment right to
15   associate, the right may be restricted in ways that are consistent with his status as a prisoner or if
16   there are legitimate penological objectives.  Jones v. North Carolina Prisoners' Labor Union,
17   Inc., 433 U.S. 119, 239 (1977); see also Poore v. Alameida, No. C03-04115 MJJ, 2006 WL
18   2458719, at *7 (N.D. Cal. Aug. 22, 2006) ("The Jones court found that the prison officials had
19   legitimate policies and goals warranting the restriction . . .[] particularly important was the
20   motive to eliminate friction between inmate and prison personnel . . . .").  Therefore, plaintiff
21   should also provide further factual allegations concerning the reason given by prison officials for
22   deactivating the trust account in question and why those reasons do not advance legitimate
23   penological objectives.
24           Plaintiff is also informed that to the extend he is claiming that his due process
25   rights were violated when his inmate grievances were screened out, such a claim is not
26   cognizable.  Prisoners do not have a "separate constitutional entitlement to a specific prison

4

grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)).  Even the non-existence of, or the failure of prison officials to properly implement an administrative appeals process within the prison system does not raise constitutional concerns.  Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also, Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (concluding that no constitutional right was violated by defendants' failure to process all of the grievances submitted, and citing cases holding that a prison grievance procedure is a procedural right only); Page v. Cate, No. C 09-4142 MHP (pr), 2010 WL 2944247, at *2 (N.D. Cal. July 23, 2010) ("[A prisoner has] no federal constitutional right to a properly functioning appeal system.  An incorrect decision on an administrative appeal or failure to handle it in a particular way therefore did not amount to a violation of [the prisoner's]. . . right to due process."); Mitchell v. Sanders, No. CIV S-08-2284-CMK-P, 2010 WL 2765639, at *4 (E.D. Ca. July 13, 2010) ("Prisoners have no stand-alone due process rights related to the administrative grievance process.").  State regulations give rise to a liberty interest protected by the Due Process Clause of the federal constitution only if those regulations pertain to "freedom from restraint" that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995).  Here, the deactivation of a trust account for a prisoner organization does not rise to the level of an atypical or significant hardship.

V.  Amended Complaint

If plaintiff chooses to file an amended complaint, plaintiff must allege facts demonstrating how the conditions complained of resulted in a deprivation of plaintiff's federal constitutional or statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The amended complaint must allege in specific terms how each named defendant was involved in the deprivation of plaintiff's rights.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980);

Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's November 5, 2009 application to proceed in forma pauperis (Doc. No. 3) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; plaintiff must use the form complaint provided by the court; and failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice.

/////

5. The Clerk of the Court is directed to provide plaintiff with a copy of the court's form complaint for a § 1983 action.

DATED: August 4, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
dail3024.14

7