IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES EDWARD DAILEY,

    Plaintiff,                         No. CIV S-09-3024 GEB DAD P

    vs.

MICHAEL MARTEL, et al.,

    Defendants.                  ORDER

/

        On November 1, 2010, this action was dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b) and judgment was entered.[1] On February 23, 2011, plaintiff filed a document styled, "Motion For Relief From Judgment By Magistrate Dismissing His 42 United States Code Section 1983 Civil Rights Complaint," based on Rule 60(b) of the Federal Rules of Civil Procedure.

        Rule 60(b) provides in relevant part:

> On motion and just terms, the court may relieve a party ... from a final judgement, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been

---

[1] On August 5, 2010, the assigned magistrate judge found plaintiff's complaint to be deficient and dismissed it, granting him thirty days leave to file an amended complaint. When plaintiff failed to do so, this action was dismissed without prejudice.

1

>discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b). Motions seeking such relief are addressed to the sound discretion of the district court. See Casey v. Albertson's Inc., 362 F.3d 1254, 1257 (9th Cir. 2004); Yusov v. Yusuf, 892 F.2d 784, 787 (9th Cir. 1989); Thompson v. Housing Auth. of Los Angeles, 782 F.2d 829, 832 (9th Cir. 1986).

Plaintiff's seeks relief specifically under Rule 60(b)(4) and (6). Plaintiff argues that the magistrate judge's August 5, 2010 order was confusing and contradictory by "first stating the complaint is dismissed; then stating he would recommend dismissal without prejudice if an amended complaint, in compliance with local rules, is not filed within thirty days." (Mot. at 2.) Plaintiff claims that he "assumed the Magistrate [Judge] had made a 'recommendation' to the District Judge to require an amended complaint." (Id.) Furthermore, plaintiff states that he was uncertain about the "recourse or direction on how to oppose such an action" because he did not have access to the Local Rules and the Clerk of the Court had failed to provide them to plaintiff. (Id. at 2 & 4.) Plaintiff also argues that his Fourteenth Amendment claim is meritorious. (Id. at 4-6.) Plaintiff requests that the order dismissing his complaint be "set aside" and that an order issue requiring the Marshal to serve each named defendant. (Id. at 7.)

As plaintiff has noted, on August 5, 2010, the magistrate judge filed an order dismissing his complaint and granting him thirty days leave to file an amended complaint. (Doc. No. 6.) The order also included the specific warning, "failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice." (Id. at 6.) On September 14, 2010, the assigned magistrate judge filed findings and recommendations, recommending dismissal of this action without prejudice due to plaintiff's

failure to file an amended complaint as directed. (Doc. No. 8.) Moreover, plaintiff was advised therein that he had twenty-one days to file written objections to those findings and recommendations. No objections were filed by plaintiff. Therefore, on November 1, 2010, the court issued an order adopting the findings and recommendations and dismissed the action without prejudice. (Doc. No. 9.)

The court finds that plaintiff has failed to carry his burden of showing that the judgement entered by this court was void under Rule 60(b)(4). Under 28 U.S.C. § 636(a) and (b)(1)(A), the magistrate judge was authorized to issue an order dismissing the complaint and granting plaintiff leave to file an amended complaint. In addition, the order dismissing this action was issued by the undersigned, not the magistrate judge, after plaintiff failed to file objections to the September 14, 2010 findings and recommendations of the magistrate judge.

As noted above, plaintiff also seeks relief pursuant to Rule 60(b)(6), a "catch-all provision" that allows a court to vacate a judgment for any other reason justifying relief. <u>Lehman v. United States</u>, 154 F.3d 1010, 1017 (9th Cir. 1998). This provision is to be used sparingly and a moving party seeking relief under it must "'show both injury and that circumstances beyond its control prevented timely action to protect its interest.'" <u>Id.</u> (quoting <u>United States v. Alpine Land & Reservoir Co.</u>, 984 F.2d 1047, 1049 (9th Cir. 1993)). Here, plaintiff has not shown that he acted diligently. He responded to neither the order dismissing his complaint with leave to amend nor to the findings and recommendations recommending dismissal of the action. In addition, plaintiff's motion seeking relief from judgment was filed over three months after the court dismissed this case.

/////
/////
/////
/////
/////

        Accordingly, IT IS HEREBY ORDERED that plaintiff's February 23, 2011 motion for relief from judgment under Rule 60(b) (Doc. No. 11) is denied.

Dated: March 22, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge